UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
BETSY ROTH,

                        Plaintiff,

                                                MEMORANDUM & ORDER
            -against-                           17-CV-0868(JS)(AKT)

SOLOMON AND SOLOMON, P.C.,

                        Defendant.
--------------------------------------X
APPEARANCES
For Plaintiff:          Craig B. Sanders, Esq.
                        David M. Barshay, Esq.
                        Jonathan Mark Sanders, Esq.
                        Sanders Law Firm, PLLC
                        100 Garden City Plaza, Suite 500
                        Garden City, NY 11530

For Defendant:          John P. Borowski, Esq.
                        7 Midland Avenue
                        Glen Ridge, NJ 07028

                        Zilka A. Saunders, Esq.
                        Linda C. Devaney, Esq.
                        Solomon and Solomon, P.C.
                        Five Columbia Circle
                        Box 15019
                        Albany, NY 12212-5019

SEYBERT, District Judge:

        Plaintiff Betsy Roth ("Plaintiff") commenced this action

against Defendant Solomon and Solomon, P.C. ("Defendant") on

February 16, 2017, alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  (Compl.,

Docket Entry 1.)  On April 12, 2017, Plaintiff filed an Amended

Complaint asserting FDCPA claims against Defendant on behalf of

herself and a class of similarly situated individuals in New York.

(Am. Compl., Docket Entry 10.)   Before the Court is Defendant's
Motion to Dismiss the Amended Complaint under Rule 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure.   (Def.'s Br.,
Docket Entry 27, at 1.)   For the reasons set forth below,
Defendant's motion is DENIED.

BACKGROUND

I.   The Amended Complaint[1]

Plaintiff incurred a debt on her Synchrony Bank-financed
Walmart credit card (the "Debt") and fell behind on her payments.
(Am. Compl. ¶¶ 10-12, 29; Letter, Docket Entry 10-1.)
Significantly, Plaintiff alleges that at all relevant times, the
Debt accrued and was subject to interest and late fees.   (Am.
Compl. ¶¶ 30-31.)   The Debt was assigned or transferred to
Defendant, and by letter dated February 24, 2016 (the "Letter"),
Defendant contacted Plaintiff in an effort to collect the Debt.
(Am. Compl. ¶ 13-14; Letter.)   The Letter indicated that the
"[a]mount due as of 02/24/2016" is $1,659.58, but failed to provide
other information that Plaintiff claims is necessary to adequately
inform her of "the amount of the debt" under
15 U.S.C. § 1692g(a)(1), including, inter alia, whether the stated

---

[1] The allegations in the Amended Complaint are assumed to be true
for the purposes of this motion to dismiss.  Dick v. Enhanced
Recovery Co., LLC, No. 15-CV-2631, 2016 WL 5678556, at *2
(E.D.N.Y. Sept. 28, 2016) (citing Harris v. Mills, 572 F.3d 66,
71 (2d Cir. 2009)).

amount may increase due to interest or late fees and whether payment of the stated amount would satisfy the Debt. (Am. Compl. ¶¶ 33-45, 67.) Plaintiff claims that the "least sophisticated consumer" would be unable to conclude what amount she would need to pay to satisfy the Debt. (Am. Compl. ¶¶ 46-67.)

Additionally, Plaintiff alleges that the Letter is deceptive under 15 U.S.C. § 1692e because the least sophisticated consumer may read it inaccurately or may read it to have two or more meanings, one of which is inaccurate. (Am. Compl. ¶¶ 69-73.) Specifically, Plaintiff claims that because the Letter is silent as to interest and fees, it can be read as meaning either that (1) payment of the stated amount will satisfy the Debt because it is static, or (2) payment of the stated amount will not satisfy the Debt because it is increasing due to interest and late fees. (Am. Compl. ¶¶ 50-52, 74-81.)

Plaintiff also alleges violations on behalf of a putative class of more than thirty-five similarly situated "persons from whom Defendant attempted to collect delinquent consumer debts without disclosing whether the balance stated in the collection letter may increase due to interest and fees." (Am. Compl. ¶¶ 82-88.)

II.  The Bankruptcy Proceeding

On September 6, 2016, Plaintiff filed a voluntary Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court in this

District.  (Bankruptcy Petition, Docket No. 16-74055 ("Bankruptcy Docket"), Bankruptcy Docket Entry 1.)  In her Petition, Plaintiff listed a debt to Synchrony Bank in the amount of $1,659.00, which represents the rounded-down value of the Debt at issue here.  (Bankruptcy Petition at ECF page 26.)  Plaintiff listed $76,734.24 in total liabilities and a number of creditors, but she did not initially list any potential recoveries from lawsuits as assets of the bankruptcy estate.  (See Bankruptcy Petition at ECF pages 8, 13, 19-28; Def.'s Br., Docket Entry 27-9, at 4.)  On October 10, 2016, Plaintiff amended her Bankruptcy Schedules A/B and C--on which debtors are directed to identify their property interests and the property they claim as exempt from the bankruptcy estate, respectively--listing as assets "FDCPA Actions" valued at $2,000.00.  (Am. Schedule A/B, Bankruptcy Docket Entry 9-1, at 4-5; Am. Schedule C, Bankruptcy Docket Entry 9-2, at 2.)  On October 17, 2016, the bankruptcy trustee entered a "Report of No Distribution," in which he reported that after making a diligent inquiry into Plaintiff's financial affairs, he found "no property available for distribution from the [bankruptcy] estate over and above that exempted by law."  (Oct. 17, 2016 Electronic Report of No Distribution.)  Plaintiff's debts were discharged and the bankruptcy case was closed on December 20, 2016.  (Order of Discharge, Bankruptcy Docket Entry 11.)

III. <u>Plaintiff's Other Lawsuits</u>

After the bankruptcy discharge, Plaintiff filed this matter and three other FDCPA actions in this District. (See <u>Roth v. Credit Control, LLC</u>, Docket No. 17-CV-1346; <u>Roth v. United Collection Bureau, Inc.</u>, Docket No. 17-CV-2720; <u>Roth v. Convergent Healthcare Recoveries, Inc.</u>, Docket No. 17-CV-4626.) Plaintiff filed her Credit Control, LLC action on March 9, 2017, her United Collection Bureau, Inc. action on May 4, 2017, and her Convergent Healthcare Recoveries, Inc. action on August 7, 2017. Plaintiff's counsel in this action represented her in the other matters, all of which were voluntarily dismissed with prejudice.

IV. <u>Defendant's Motion to Dismiss</u>

On August 6, 2017, Defendant moved to dismiss the Amended Complaint under Rule 12(b)(1) and 12(b)(6), asserting that: (1) Plaintiff lacks standing because she has not suffered a concrete injury in fact; (2) Plaintiff lacks standing to assert, or is judicially estopped from asserting, her claims because she did not adequately disclose them during her bankruptcy proceeding; and (3) Plaintiff fails to state a claim upon which relief can be granted. (Def.'s Br. at 6-12.) Plaintiff opposed Defendant's motion on September 7, 2017, contending that: (1) Plaintiff has standing because she suffered an injury in fact; (2) Plaintiff's disclosure of "FDCPA Actions" during her bankruptcy proceeding was adequate; and (3) Plaintiff has stated a claim. (Pl.'s Opp., Docket

Entry 32, at 5-9, 18-19.)  Defendant filed a reply in further support of its motion on September 21, 2017, in which it (1) asks the Court to rely on evidence that the Debt was not increasing; (2) argues that Plaintiff's allegation that interest and fees were accruing on the Debt is a legal conclusion; and (3) reasserts its bankruptcy-disclosure argument.  (Def.'s Reply, Docket Entry 33, at 2-3.)

DISCUSSION

Because Defendant's Motion to Dismiss implicates the Court's subject matter jurisdiction, the Court will first address issues of standing.

I.   Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider materials beyond the pleadings.  See Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010).  Though the Court must accept the factual allegations contained in the Amended Complaint as true, it will not draw argumentative inferences in favor of Plaintiff; subject matter jurisdiction must be shown affirmatively.  See id. Additionally, "[a] plaintiff asserting subject matter jurisdiction

6

has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

A.    Article III Standing

Article III of the U.S. Constitution restricts the jurisdiction of federal courts to actual cases or controversies. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (quoting Raines v. Byrd, 521 U.S. 811, 818, 117 S. Ct. 2312, 2317, 138 L. Ed. 2d 849 (1997)).  Standing to sue, "a doctrine rooted in the traditional understanding of a case or controversy," "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Id. (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982); Warth v. Seldin, 422 U.S. 490, 498–99, 45 L. Ed. 2d 343 (1975)).

To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id.  An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)).  In its Spokeo decision, the Supreme Court held that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants

a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. at 1549. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." Id.

Relying on Spokeo, Defendant argues that Plaintiff lacks Article III standing because she has not alleged that she suffered an injury in fact, but only asserts "'bare procedural violations' of the FDCPA, 'divorced from any concrete harm.'" (Def.'s Br. at 6 (quoting Spokeo, 136 S. Ct. at 1547-49.) Plaintiff contends that violations of Sections 1692e and 1692g of the FDCPA, standing alone, give rise to concrete injuries sufficient to establish Article III standing. (Pl.'s Opp. at 13, 18.)

Plaintiff's alleged failure to plead injuries beyond FDCPA violations does not divest her of Article III standing. In Papetti v. Does 1-25, 691 F. App'x 24 (2d Cir. 2017), the Second Circuit addressed this issue and explained that "Spokeo does not 'categorically . . . preclude[ ] violations of statutorily mandated procedures from qualifying as concrete injuries.' Rather, 'some violations of statutorily mandated procedures may entail the concrete injury necessary for standing.'"[2] Id. at 26

---

[2] While the Court recognizes that Papetti is a Summary Order and lacks precedential effect, "the Court is nevertheless persuaded by the court's reasoning in Papetti, which is apparently dispositive on this issue and finds substantial support in the body of post-Spokeo district court cases in this Circuit."

(alterations in original) (quoting Strubel v. Comenity Bank, 842 F.3d 181, 189 (2d Cir. 2016)). To determine whether a procedural violation is an injury in fact, a court should consider "'whether Congress conferred the procedural right in order to protect an individual's concrete interests.'" Id. (quoting Strubel, 842 F.3d at 189). According to the Second Circuit, Sections 1692e and 1692g of the FDCPA--the provisions that Plaintiff alleges Defendant violated here--"protect an individual's concrete interests" and their alleged violation fulfills Article III's injury-in-fact requirement. Id. (quoting Strubel, 842 F.3d at 189). Therefore, "the FDCPA violations alleged by [Plaintiff], taken as true, 'entail the concrete injury necessary for standing.'" Id. (quoting Strubel, 842 F.3d at 189).

B. **Standing After Bankruptcy Proceeding**

Upon filing a bankruptcy petition, the debtor must file a financial statement, including a schedule of all assets that are part of the estate, with the bankruptcy court. 11 U.S.C. § 521(a)(1)(B). The bankruptcy estate includes, and the debtor must list on the schedule, all of the debtor's legal or equitable interests in property, "wherever located and by whomever held." Id. § 541(a)(1). "In addition, the debtor must disclose in the schedule all 'causes of action owned by the debtor or

---

Balke v. All. One Receivables Mgmt., Inc., No. 16-CV-5624, 2017 WL 2634653, at *3 (E.D.N.Y. June 19, 2017) (compiling cases).

arising from property of the estate.'" Eun Joo Lee v. Forster &
Garbus LLP, 926 F. Supp. 2d 482, 489 (E.D.N.Y. 2013) (quoting
Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d
Cir. 2008) (per curiam)). Generally, property listed on the
schedule is "abandoned to the debtor" if it has not been
administered by the trustee by the time the bankruptcy case is
closed. 11 U.S.C. § 554(c). "Abandoned" assets typically return
to the debtor at the conclusion of the bankruptcy case. Eun Joo
Lee, 926 F. Supp. 2d at 489 (quoting Chartschlaa, 538 F.3d at 122).

If the debtor does not disclose property on the schedule,
however, that property remains part of the estate. Id. (citing
Chartschlaa, 538 F.3d at 122; 11 U.S.C. § 554(d)). Because
unscheduled claims remain "'the property of the bankruptcy estate,
the debtor lacks standing to pursue the claims after emerging from
bankruptcy, and the claims must be dismissed.'" Id. (quoting
Rosenshein v. Kleban, 918 F. Supp. 98, 103 (S.D.N.Y. 1996)) (citing
In re Drexel Burnham Lambert Grp., Inc., 160 B.R. 508, 514
(S.D.N.Y. 1993)). The doctrine of judicial estoppel may also bar
debtors from bringing unscheduled claims. Id. (citing Coffaro v.
Crespo, 721 F. Supp. 2d 141, 145 (E.D.N.Y. 2010)).

"'[F]ew courts have addressed the level of specificity
with which debtors must describe assets [on the schedule] in order
to comply with 11 U.S.C. § 521(a)(1).'" Romeo v. FMA All., Ltd.,
No. 15-CV-6524, 2016 WL 3647868, at *6 (E.D.N.Y. June 30, 2016)

(first alteration in original) (quoting <u>Tilley v. Anixter Inc.</u>, 332 B.R. 501, 509 (D. Conn. 2005)). There are no bright-line rules governing the degree of itemization and specificity required; instead, "'[w]hat is required is reasonable particularization under the circumstances.'" <u>Id.</u> (quoting <u>In re Mohring</u>, 142 B.R. 389, 395 (Bankr. E.D. Cal. 1992) (alteration in original), <u>aff'd</u>, 153 B.R. 601 (B.A.P. 9th Cir. 1993), <u>aff'd</u>, 24 F.3d 247 (9th Cir. 1994)). Notably, bankruptcy trustees have a duty to "investigate the financial affairs of the debtor" 11 U.S.C. § 704(a)(4), and as such, the debtor "'must do enough itemizing to enable the trustee to determine whether to investigate further.'" <u>Romeo</u>, 2016 WL 3647868, at *6 (quoting <u>In re Mohring</u>, 142 B.R. at 395). As observed by another court in this District, "courts typically look at whether the schedule gives the trustee enough information about the claim so he or she can decide if the claim is worth pursuing." <u>Eun Joo Lee</u>, 926 F. Supp. 2d at 489 (compiling cases).

Here, after receiving the Letter, Plaintiff filed for bankruptcy but did not initially disclose her FDCPA claim against Defendant (or the other three parties she sued) in her schedule of assets. (Def.'s Br. at 4.) While she amended the schedules to include "FDCPA Actions" valued at $2,000, Defendant argues that the disclosure was inadequate because it failed to identify the party against whom Plaintiff had a claim and did not sufficiently

disclose the number or value of her FDCPA claims, which Defendant avers are worth $5,000 or more. (Def.'s Br. at 10-11; Def.'s Reply at 3-6.) Thus, Defendant contends, Plaintiff lacks standing or is barred by the doctrine of judicial estoppel from bringing this suit. (Def.'s Br. at 8-12.) Plaintiff counters that her disclosure was sufficient because it gave the bankruptcy trustee "'inquiry notice' sufficient to allow him to have duly investigated her financial affairs." (Pl.'s Opp. at 7.) Specifically, Plaintiff argues that the description "FDCPA Actions" gave adequate notice of the nature of the claim and that the declared value of $2,000 was, at most, an undervaluation of her claims. (Pl.'s Opp. at 7-9.)

Defendant relies heavily on Romeo, in which a court in this District found that one plaintiff lacked standing to bring an FDCPA action and another plaintiff was judicially estopped from doing so. Romeo, 2016 WL 3647868, at *9-11, *14-15. The court held that plaintiff Romeo lacked standing to bring the action because he (1) filed two other actions one month after commencing his bankruptcy proceeding, without having initially disclosed the claims; (2) amended his petition after the bankruptcy trustee issued a "report of no distribution," which advised the court--based on inaccurate schedules--that Romeo possessed no distributable assets; (3) withheld supporting details about the claims; and (4) despite having filed two actions, listed the assets

12

as "only one 'Possible Fair Debt Collection Claim.'"  Id. at *9.
The court found that Romeo's disclosure was incomplete and that he
lacked standing as a result.  Id. at *1-3, *10-11.  Additionally,
the Romeo court found that plaintiff Arpino was judicially estopped
from bringing her claim because she (1) filed a separate lawsuit
within three weeks of filing for bankruptcy, without having
initially disclosed the claim; (2) amended her filing to add one
"possible" FDCPA claim, even though the claim was "actualized";
(3) failed to include supporting details about the claim; and (4)
having disclosed only a single potential claim, subsequently
commenced an additional four actions in four different districts.
Id. at *3-4, *14-15.

     This Court finds that Romeo is factually distinguishable
and that Plaintiff's disclosure--"FDCPA Actions" valued at $2,000-
-was adequate.  First, "due to the specialized nature of the
FDCPA," Plaintiff's description of the claim "gave basic notice of
the underlying factual scenario."  Id. at *11.  Second, the
disclosure specified that she had several "Actions" and thus
provided the trustee with notice that there was more than a single
claim.  The Court recognizes that Plaintiff had at least four FDCPA
claims while her $2,000 valuation of the actions arguably suggested
that she had only two, given the $1,000 cap on statutory damages
available to a plaintiff in an FDCPA case.  See Romeo, 2016 WL
3647868, at *11.  However, the declared value was not facially

deceptive because, among other things, a court may award less than $1,000 in statutory damages per case.  See, e.g., Cordero v. Collection Co., No. 10-CV-5960, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012) (noting that the size of a statutory damages award is committed to the sound discretion of the district court and awarding each plaintiff $250 for the defendant's FDCPA violation). In any event, the disclosure gave the trustee notice of multiple actions; he could have investigated further to determine the exact number of Plaintiff's claims.  Third, while Plaintiff did not identify the parties against whom she had claims, "[t]he trustee would have needed only to take a cursory look at" the Letter (or the other three collection letters) to see that it was on Defendant's (or the other creditors') letterhead.  Eun Joo Lee, 926 F. Supp. 2d at 490.  "Although it would have been more helpful for" Plaintiff to itemize the actions she planned to bring, her failure to do so does not deprive her of standing.  See Romeo, 2016 WL 3647868, at *12 (quoting Cusano v. Klein, 264 F.3d 936, 946–47 (9th Cir. 2001)).  Fourth, it does not appear that Plaintiff attempted to deceive the trustee about the existence of the claims. Cf. id. at *9-10 (finding that plaintiff Romeo lacked standing and noting that his "inaccurate characterization of [his] claims was 'deceptive' and 'cryptic'").  Unlike in Romeo, Plaintiff amended her bankruptcy schedules before the trustee issued his report of no distribution, so the trustee was able to consider the existence

14

of Plaintiff's claims before finding that she possessed no distributable assets. See id. Therefore, because Plaintiff's disclosure was sufficiently detailed to provide the trustee with notice of this claim, the claim was abandoned at the close of the bankruptcy case and it reverted back to Plaintiff. Thus, Plaintiff has standing and is not judicially estopped from bringing this action.[3] See Eun Joo Lee, 926 F. Supp. 2d at 489-90 (holding that plaintiff was "not barred from bringing [her FDCPA] action either on standing or judicial estoppel grounds" after determining that she sufficiently disclosed the claim during her bankruptcy proceeding).

Because Plaintiff has standing to bring this action, the Court next considers whether Plaintiff states a claim upon which relief can be granted.

---

[3] Judicial estoppel requires a party to show that "'(1) his adversary advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner.'" Romeo, 2016 WL 3647868, at *13 (quoting Wight v. BankAmerica Corp., 219 F.3d 79, 90 (2d Cir. 2000)) (internal quotation marks omitted). Because Plaintiff adequately disclosed this action during her bankruptcy proceeding, Defendant cannot show that Plaintiff "advanced an inconsistent factual position" in that proceeding. See Eun Joo Lee, 926 F. Supp. 2d at 489-90.

II.  Failure to State a Claim

    A.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although the plaintiff need not provide "detailed factual allegations" to support her claims, Twombly, 550 U.S. at 555–56, Rule 12(b)(6) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.

Generally, the Court is "'required to look only to the allegations on the face of the complaint.'"  Volpe v. Nassau Cty., 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013) (quoting Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)).  In certain circumstances, however, the Court may consider documents other than the complaint, including: (1) documents attached to the complaint or incorporated in it by reference, in which case they are deemed part of the pleading; (2) "a document upon which [the complaint] solely relies and which is integral to the complaint"; and (3) "public records that are integral" to the complaint, of which the Court may take

judicial notice.[4]  Epstein v. N.Y. City Dist. Council of Carpenters Benefit Funds, No. 15-CV-2866, 2016 WL 1718262, at *2 (S.D.N.Y. Apr. 28, 2016) (alterations and emphasis in original) (quoting Roth, 489 F.3d at 509).  "But the court may take judicial notice only 'to determine what statements [the public records] contained'; the court may not take judicial notice 'for the truth of the matters asserted.'"  Id. (quoting Roth, 489 F.3d at 509) (alterations and emphases in original).  A motion to dismiss under "Rule 12(b)(6) is not an occasion for the court to make findings of fact."  Id. (quoting Roth, 489 F.3d at 509).

Defendant takes great pains to dispute the allegations in the Amended Complaint.  Based on two affidavits attached to its motion, filings from Plaintiff's bankruptcy proceeding, creditor account statements, and Plaintiff's counsel's alleged representations during the July 6, 2017 pre-motion conference, Defendant argues that the Debt was not accruing or subject to interest or late fees.  (Solomon Aff., Docket Entry 27-1; Bankr. Filings, Docket Entry 27-2; Jacques Aff., Docket Entry 27-6; Acct. Statements, Docket Entries 27-7, 27-8; Def.'s Br. at 7-8.) Defendant also contends that Plaintiff failed to allege that the

---

[4] Federal Rule of Evidence 201 provides that a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).

amount stated in the Letter was not accurate, or that the amount had the potential to increase due to interest and fees. (Def.'s Br. at 12.) Finally, Defendant interprets Plaintiff's theory of the case to be that "the least sophisticated consumer (but not Plaintiff), would be unable to determine the amount due or how to satisfy the debt" "because the Letter did not affirmatively state a negative, that interest and/or fees were not accruing on the Account." (Def.'s Br. at 13.)

Plaintiff argues that the Court should disregard Defendant's attempt to dispute the facts pled in the Amended Complaint and deny the motion because the Amended Complaint alleges that the Debt was accruing and subject to interest and late fees but the Letter failed to disclose that fact. (Pl.'s Opp. at 18-19.)

Thus, the first question is whether the Court may conclude that the Debt was not accruing and subject to interest and late fees, despite the Amended Complaint's allegations to the contrary.

As an initial matter, while the Court may consider the Letter because it is attached to and incorporated in the Amended Complaint, see Epstein, 2016 WL 1718262, at *2 (quoting Roth, 489 F.3d at 509) ("'Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.'"), the Letter does not address whether

interest and late fees were accruing.  It simply states the "Amount due" as of February 24, 2016.  (See Letter.)

However, the Court cannot consider the affidavits supplied by Defendant because it may not consider "'affidavits and exhibits submitted by defendants or rel[y] on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.'"  See Plains Mktg., L.P. v. Kuhn, No. 10-CV-2520, 2011 WL 4916687, at *3 (E.D.N.Y. Oct. 17, 2011) (quoting Friedl v. City of N.Y., 210 F.3d 79, 83-84 (2d Cir. 2000)).  Additionally, the Court may not consider the creditor's account statements, which purportedly show that no interest accrued and no late fees were assessed on the Debt on or after January 9, 2015.  (See Def.'s Br. at 4.)  The Amended Complaint does not incorporate the account statements by reference as it makes no "'clear, definite and substantial reference to the documents.'"  See id. at *3 (quoting DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)).  Moreover, the account statements are not "integral" to the Amended Complaint and there is no indication that the Amended Complaint relied on them: The Amended Complaint does not reference the account statements or cite information contained exclusively within them.  See Epstein, 2016 WL 1718262, at *2.  Even if the Court were to take judicial notice of the account statements as "source[s] whose accuracy cannot reasonably be questioned," FED. R. EVID. 201(b)(2), it could not rely on them

to establish the truth of the matters they purport to assert--that interest and late fees were not accruing on the Debt.  See Finn v. Barney, 471 F. App'x 30, 32 (2d Cir. 2012) (citing Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)) (holding that the district court did not abuse its discretion in taking judicial notice of various documents where "it did not consider the documents for their truth").[5]

Finally, while the Court may take judicial notice of Plaintiff's bankruptcy filings, FED. R. EVID. 201(b), it may only take notice that Plaintiff asserted the Debt's value to be $1,659, not that the amount due on the Debt was in fact $1,659.  See Finn, 471 F. App'x at 32 (citing Staehr, 547 F.3d at 425).  Plaintiff's bankruptcy filing does not establish that the Debt was not accruing or subject to interest or late fees, but only that Plaintiff did not list the Debt as having increased.

Therefore, for the purposes of Defendant's motion to dismiss, the Court accepts as true the Amended Complaint's allegation that the Debt was accruing and subject to interest and

---

[5] Moreover, the Court will not dismiss the Amended Complaint based on Plaintiff's counsel's alleged admissions at the pre-trial conference.  First, Plaintiff's counsel disputes the substance of the purported representations.  (Pl.'s Opp. at 23 n.11.)  Second, though Defendant claims that Plaintiff "represented on the record . . . that interest was not accruing on the debt at issue," (Def.'s Br. at 4 n.1), there is no transcript to support its assertion.  (See Minute Entry, Docket Entry 25.)

late fees.  The next question is whether Plaintiff's allegations, taken as true, and drawing all reasonable inferences in Plaintiff's favor, state a claim upon which relief may be granted.

B.    The Fair Debt Collection Practices Act

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692(e) (describing that the purpose of the statute is "to eliminate abusive debt collection practices").  To assert a claim under the FDCPA, Plaintiff must satisfy three threshold requirements: (1) she was a "consumer"; (2) Defendant was a "debt collector"; and (3) Defendant's act or omission violated the FDCPA.  See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).  Courts in this Circuit determine whether a communication complies with the FDCPA "from the perspective of the 'least sophisticated consumer.'" Thomas v. Midland Credit Mgmt., Inc., No. 17-CV-0523, 2017 WL 5714722, at *3 (E.D.N.Y. Nov. 27, 2017) (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)).

Plaintiff alleges that she is a consumer, that Defendant is a debt collector, and that Defendant's conduct violated Sections 1692e and 1692g of the FDCPA.  (Am. Compl. ¶¶ 6, 9, 67, 81.)

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The sixteen subsections of Section 1692e set forth a non-exhaustive list of practices that fall within this ban, including 'the false representation of the character, amount, or legal status of any debt.'" Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016) (quoting 15 U.S.C. § 1692e(2)(A)).

Section 1692g requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice," known as a validation notice. 15 U.S.C. § 1692g(a). The notice is required to contain certain information, including "the amount of the debt," "the name of the creditor to whom the debt is owed," and a series of statements outlining the dispute procedures. 15 U.S.C. § 1692g(a); see also Douyon v. N.Y. Med. Health Care, P.C., 894 F. Supp. 2d 245, 255 (E.D.N.Y. 2012), amended on reconsideration, No. 10-CV-3983, 2013 WL 5423800 (E.D.N.Y. Sept. 25, 2013).

The Court finds that the allegations in the Amended Complaint, taken as true, state a claim under Sections 1692e and 1692g of the FDCPA. In Avila, where the plaintiffs alleged that interest was accruing on their debt, the Second Circuit held that a debt collector must disclose that a consumer's account balance

may increase due to interest and late fees.  <u>Avila</u>, 817 F.3d at

74, 76-77.  In light of <u>Avila</u>,[6] Plaintiff sufficiently alleges that

the Letter violates Section 1692e because the Letter indicates the

amount due as of February 24, 2016 without disclosing that the

amount may increase due to interest and late fees.[7]  <u>Id.</u> at 77

("The collection notices at issue here stated only the 'current

balance' but did not disclose that the balance might increase due

to interest and fees.  Thus, [p]laintiffs have stated a claim that

these notices were 'misleading' within the meaning of Section

1692e.").  Additionally, Plaintiff has stated a claim under Section

1692g.  <u>See</u> <u>Carlin v. Davidson Fink LLP</u>, 852 F.3d 207, 216 (2d

Cir. 2017) (holding that a statement under Section 1692g is

---

[6] As discussed, Defendant attempts to bring this matter outside
of <u>Avila</u>'s reach by disputing whether the amount due on the Debt
was actually increasing due to interest and late fees,
positioning the issue as whether a debt collector is required to
inform a consumer that interest and late fees are <u>not</u> accruing
on a debt when they are not, in fact, accruing.  (Def.'s Br. at
7-8, 12-13.)  However, as discussed above, Defendant may not
prevail at this stage of the litigation by disputing Plaintiff's
well-pled factual allegations.  <u>See</u> <u>Thomas</u>, 2017 WL 5714722, at
*4.  Similarly, Defendant's argument that Plaintiff's
allegations regarding interest and fees are legal conclusions
rather than factual allegations is untenable, and fails.
(Def.'s Reply at 2-3.)

[7] In light of Plaintiff's allegation that the Debt was accruing
and subject to interest and late fees, the Court does not decide
whether the Letter would violate the FDCPA if interest and late
fees were not, in fact, accruing.  Moreover, the Court does not
rule on Plaintiff's theory that the Letter is deceptive under
Section 1692e because it is open to more than one reasonable
interpretation, one of which is inaccurate, even if interest and
late fees are not accruing on the Debt.  (Pl.'s Opp. at 24-25.)

incomplete where it omits information that would allow the least sophisticated consumer to "determine . . . what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase"); Thomas, 2017 WL 5714722, at *4-5.

Analyzing similar allegations, a sister court in this District has found that the plaintiff stated a claim. In Thomas, 2017 WL 5714722, the court denied the defendant's motion to dismiss pursuant to Rule 12(b)(6), noting that "the [p]laintiff alleges that interest was accruing during the relevant period. The [c]ourt must accept the [p]laintiff's allegations as true at this stage of the litigation." Id. at *4-5. It then found that the plaintiff alleged sufficient facts to state claims for relief under 1692e and 1692g because it was unclear, due to the possible accumulation of interest, whether the plaintiff could resolve her debt by paying the amount stated on the collection letter. Id. at *4-5.

Defendant's reliance on Dick v. Enhanced Recovery Co., 2016 WL 5678556, where the court dismissed the plaintiff's FDCPA claims, is misplaced. The plaintiff in Dick, unlike Plaintiff here, did not allege that charges, interest, or fees were actually accruing or that they were going to accrue. Id. at *5. Thus, the court found that Avila did not apply. Id. ("The Second Circuit's holding in Avila II--that it is misleading for a debt collector to list the amount owed without disclosing the fact that said amount

is increasing--does not support Dick's argument that it is misleading to list the amount owed without affirmatively noting that the amount is <u>not</u> increasing.") (emphasis in original).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    February __5__, 2018
          Central Islip, New York